UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| MARIE BARKLEY : | |
|     Plaintiff : | JURY TRIAL DEMANDED |
| : | |
| VS. : | C.A. No. |
| : | |
| C.I.T.E., (CENTER FOR INDIVIDUALIZED : | |
| TRAINING AND EDUCATION) and : | |
| WILLIAM ANDERSON : | |
|     Defendants : | |

# COMPLAINT

Plaintiff Marie Barkley hereby commences this action against the Defendants and alleges:

## I. JURISDICTION AND VENUE

1. Plaintiff invokes the jurisdiction of this Court pursuant to 28 U.S.C. § 1331 because the claims asserted herein arise under the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1001 et seq. ("ERISA").

## II. PARTIES

2. Plaintiff is a resident of North Providence, Rhode Island.

3. Defendant C.I.T.E., (Center for Individualized Training and Education) ("C.I.T.E.") is a non-profit corporation duly organized under the laws of the State of Rhode Island, with principal offices located in the City of Providence.

4. At all times relevant hereto, Defendant William Anderson served as the Principal of C.I.T.E.

## III. FACT ALLEGATIONS

5. Plaintiff served as the Business Manager for a nearly 40-year period ending in 2017.

6. During her employment, Plaintiff participated in the 403(B) Plan ("Plan") offered by C.I.T.E. through TIAA.

7. Said Plan was designed and/or intended to be a non-ERISA Plan.

8. Plaintiff made contributions to said Plan. As of December 31, 2017, her balance was approximately $72,293.62, and she was fully vested in that amount.

9. Towards the end of 2017, Plaintiff attempted to take out a loan against that amount.

10. To complete the loan process, Defendants needed to sign off on papers stating that Plaintiff was no longer employed.

11. Defendant Anderson refused to sign off on said papers unless and until Plaintiff signed a letter of resignation.

12. Plaintiff refused to sign said letter of resignation because she had not voluntarily resigned. Instead, she had been forced out.

13. Accordingly, Plaintiff was unable to obtain a loan, but instead had to take a withdrawal to meet her financial needs at the time.

14. The withdrawal amount caused Plaintiff to have to incur substantial tax liabilities, and further lost the earnings that she would have otherwise obtained.

15. Later, in 2018, Plaintiff attempted to withdraw the remaining assets of about $52,000.00.

16. Defendant Anderson once again refused to complete the necessary paperwork unless and until Plaintiff signed off on a letter stating that she had voluntarily resigned.

17. By the time that Defendant Anderson did complete the necessary paperwork, Plaintiff had retained legal representation in order to address the matter, and incurred legal fees.

18. Plaintiff further incurred additional loss of rights and benefits as a result of said delays.

## COUNT I – DENIAL OF PLAN BENEFITS
## 29 U.S.C. § 1132(a)(1)(B)

19. Plaintiff hereby realleges in full in this paragraph the allegations set forth in all other paragraphs of this Complaint.

20. Plaintiff was entitled to benefits under the 403(B) Plan.

21. Defendants denied Plaintiff her rights to benefits under said Plan.

WHEREFORE, Plaintiff prays for the relief requested herein.

## COUNT II -- BREACH OF FIDUCIARY DUTY
## 29 U.S.C. § 1132(a)(3)

22. Plaintiff hereby realleges in full in this paragraph the allegations set forth in all other paragraphs of this Complaint.

23. Defendants stand in the position of fiduciary to Plaintiff.

24. In breach of their fiduciary duty, Defendants have wrongfully failed and/or refused to afford Plaintiff her rights under said Plan pursuant to the provisions and requirements of the Plan.

WHEREFORE, Plaintiff prays for the relief requested herein.

## COUNT III -- BREACH OF CONTRACT

25. Plaintiff repeats the averments contained in the paragraphs above as if fully restated herein.

26. Defendant C.I.T.E.'s actions in denying Plaintiff the opportunity to utilize her vested rights in the Plan without good cause constituted a breach of the implied agreement between Plaintiff and the Defendant regarding the terms and conditions of Plaintiff's employment.

27. Plaintiff's employment contract with C.I.T.E. contained an implied covenant of good faith and fair dealing.

28. Defendant C.I.T.E. has violated said implied covenant of good faith and fair dealing.

29. As a result of the breach of the contract, Plaintiff has suffered and will continue to suffer monetary damages.

30. The actions of Defendant were willful, malicious, wicked, and wanton and for the good of society must be punished.

WHEREFORE, Plaintiff prays for the relief requested herein.

## COUNT IV – TORTIOUS INTERFERENCE WITH CONTRACT AND ECONOMIC ADVANTAGE

31. Plaintiff incorporates the averments made in the preceding Paragraphs as if fully restated therein.

32. Plaintiff had an implied contract with C.I.T.E. regarding her employment participation in the Plan.

33. Plaintiff derived economic advantage as a result of her employment with C.I.T.E. and participation in the Plan.

34. Defendant Anderson knew or should have known of the contractual obligations of C.I.T.E. with respect to Plaintiff's employment and participation in the Plan.

35. Defendant Anderson knew or should have known of the economic advantage derived by Plaintiff from her employment with C.I.T.E. and participation in the Plan.  Defendant Anderson willfully and deliberately interfered with the contract regarding Plaintiff's employment with C.I.T.E. and participation in the Plan.

36. Defendant Anderson willfully and deliberately interfered with the economic advantage derived from Plaintiff's employment with C.I.T.E. and participation in the Plan.

37. Defendant Anderson improper means, and had improper motives in tortIously interfering with Plaintiff's ability to use her rights in the Plan to advantage.

38. As a direct and proximate result of the illegal activity of Defendant Anderson, Plaintiff has suffered and will continue to suffer damages, including pecuniary and non-pecuniary losses, attorney's fees and costs.

39. The actions of Defendant Anderson were willful, malicious, wicked, and wanton and for the good of society must be punished.

## PRAYER FOR RELIEF

Plaintiff prays that this Court grant her the following relief:

1. Declare that Plaintiff stood entitled to rights to use and/or withdraw monies under the terms of the 403(B) Plan;

2. Order Defendants to permit Plaintiff rights to use and/or withdraw monies under the terms of the 403(B) Plan;

3. Award Plaintiff compensatory and punitive damages for denial of said rights;

4. Award Plaintiff reasonable attorneys fees, litigation expenses and costs;

5. Award Plaintiff appropriate interest on all such monies; and

6. Such other and further relief as the Court deems just and proper to award Plaintiff.

**PLAINTIFF CLAIMS TRIAL BY JURY ON ALL COUNTS SO TRIABLE.**

Plaintiff,
By her attorney,


/s/ Vicki J. Bejma
Vicki J. Bejma #6498
Robinson & Clapham
123 Dyer Street, Suite 135
Providence, RI  02903
(401) 331-6565
(fax) 331-7888
vbejma@smrobinsonlaw.com


PLAINTIFF DEMANDS TRIAL BY JURY ON ALL ISSUES SO TRIABLE.


/s/ Vicki J. Bejma